UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 08-145 (HHK) |
| | : | |
| v | : | |
| | : | Motions: July 29, 2008 |
| LARRY BRINSON-SCOTT | : | |
| | : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant is charged with one count of possession with the intent to distribute cocaine base, also known as crack, and one count of possession with the intent to distribute cocaine. The government expects the evidence at trial to establish that on April 10, 2008, the defendant was in constructive possession of approximately 183 grams of cocaine base, approximately 67 grams of cocaine powder, 2 plastic plates with white powder residue, numerous small, unused ziplock bags, and $2512.00 in United States currency.

**Other Crimes and Bad Acts by the Defendant**

The government seeks to introduce the facts and circumstances surrounding defendant's previous possession of cocaine base on two prior occasions.

Specifically, **as to the first incident**,[1] on June 21, 2005, at about 8:41 pm, Metropolitan Police Department officers conducted a traffic stop of a Ford Ranger pickup truck at the intersection of Connecticut Avenue and H Street, N.W., in Washington, D.C. The defendant, who was in the front passenger seat, stepped out of the vehicle immediately after it came to a stop. A third individual who was riding in the bed of the truck was arrested on an outstanding warrant.

Shortly after the stop, Sergeant Gregory of the Metropolitan Police Department arrived at the scene. Sgt. Gregory asked the driver for consent to search the vehicle, and consent was granted. Officers found a black backpack on the right front passenger seat. Sgt. Gregory opened the backpack and found 65 ziplock bags of a white rock substance that field-tested positive for cocaine.

Sgt. Gregory advised the driver and the front seat passenger (the defendant in this case, Larry Brinson-Scott) of their rights. The defendant immediately said "that's my backpack and I'm not saying any more."

In addition to the drugs, Officers recovered $140 and a razor blade from the backpack.

**As to the second incident**, on August 21, 2007, Officers of the Metropolitan Police Department of Washington, D.C. approached a group of four males standing in a courtyard in the vicinity of 3400 A Street, S.E., Washington, D.C. As the officers approached, one of the officers heard a clank on the ground, which sounded like the sound of metal hitting the pavement. The officers saw that the four males were standing next to several bags on the ground.

---

[1] The government is informed and believes that on April 5, 2006, the defendant entered a guilty plea to a charge of possession of a controlled substance in this matter. On May 4, 2007, the case was ordered expunged by the Honorable Judge Thomas Motley of the District of Columbia Superior Court. Accordingly, the government does not intend to bring any evidence of the defendant's court proceedings in this matter except as such proceedings may be raised by the defendant. Otherwise, the government proffer is limited to the facts of this prior bad act as evidence of culpability in the present case.

Officers conducted a pat down for weapons. When one of the officers conducted the pat down of defendant Scott (also known as Brinson-Scott), the officer felt a round lump of small objects that were found to be 65 zip lock bags of a white rock-like substance that field-tested positive for cocaine. Also found at the scene was a .223 caliber rifle loaded with 19 rounds in the magazine and one round loaded in the chamber.

As to this incident, the defendant, Larry Brinson-Scott pled guilty to possession with the intent to distribute cocaine base.[2] Also, the defendant's brother Jonathan Cayol, pled guilty to possession of a prohibited weapon.

The government seeks to introduce this evidence under Federal Rule of Evidence 404(b), for the purpose of proving intent, knowledge, and absence of mistake.

## Legal Analysis

Evidence of other crimes, wrongs or acts is admissible under Fed. R. Evid. 404(b) if offered for a permissible purpose. Such permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990), cert. denied, 498 U.S. 825 (1990). In determining admissibility of 404(b) evidence, courts undertake a two part analysis. Initially, the Court considers whether the evidence is relevant pursuant to the standard set forth in Rule 404(b). "[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." Miller, 895 F.2d at 1436.[3] If the Court deems the evidence to be

---

[2] D.C. Superior Court case number 2007 CF2 19791.

[3] In the context of 404(b), similar act evidence may be admissible if the jury can reasonably conclude that the act occurred and that the defendant was the actor. A preliminary finding by the court that the Government has proved the act by a preponderance of the evidence is not called for under Rule 104(a).

relevant, the Court then must determine whether the prejudicial impact of the testimony substantially outweighs its probative value. See Fed. R. Evid. 403; United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).[4] In close cases, the rule tilts toward the admission of the prior misconduct evidence. Id. at 989; United States v. James Johnson, 802 F.2d 1459, 1463-64 (D.C. Cir. 1986) ("the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged.") (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)).

Subject to balancing, a court should admit 404(b) evidence to prove such elements if the 404(b) evidence requires the same intent as the charged offense, and the jury could conclude that the defendant committed the offense. United States v. Williams, 895 F.2d 1202, 1205-1206 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986 and 1987 was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his apartment during execution of search warrant in 1988, and to show knowledge); United States v. Green, 40 F.3d 1167, 1174 (11th Cir. 1994) (where defendant pleaded not guilty to narcotics conspiracy charge, he made intent a material issue in the case and warranted admission of prior arrest for possession of cocaine). See United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994) (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of

---

Huddleston v. United States, 485 U.S. 681 (1988).

[4] Naturally, nearly all evidence offered by the government in a criminal proceeding will be arguably prejudicial to the defendant. However, it is only when the prejudicial effect of the evidence is unfair and substantially outweighs the probative value of the evidence that the evidence should be excluded. United States v. Moore, supra, 732 F.2d at 989. In making this determination, the trial court is granted wide latitude and its decision will be reviewed only for "grave abuse." United States v. Washington, 969 F.2d 1073, 1081 (D.C. Cir 1992), cert. denied, 113 S. Ct. 1287 (1993).

large amounts of cocaine on dates charged in the indictment). As the Court recognized in United States v. Moore, supra, 732 F.2d at 991, "the intent with which a person commits an act on a given occasion can many times be best proven by testimony or evidence of his acts over a period of time thereto . . .." See also United States v. Washington, supra, 969 F.2d at 1080-1081 (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake).[5]

As the Court of Appeals noted in United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002), "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted). In the instant case, among other things, the government must prove that the defendant constructively possessed the cocaine base found in the Volvo, with the intent to distribute it. The "other crimes" evidence of defendant's previous distribution of cocaine base is highly probative of

---

[5]   See also United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); United States v. Michael Johnson, et al., 40 F.3d 436 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess); United States v. Brown, 16 F.3d 423 (D.C. Cir. 1994) (evidence of subsequent possession of gun and beeper admissible to prove prior intent to distribute), cert. denied, 115 S. Ct. 257 (1994); United States v. Springs, 936 F.2d 1330, 1332-1333 (D.C. Cir. 1991) (in case charging possession with intent to distribute cocaine, court held that possession of a beeper and tickets showing repeated travel to New York admissible to prove defendant's knowledge or intent, even if the possession might be considered probative of defendant's character or evidence of an extrinsic act); United States v. Watson, 894 F.2d 1345, 1348-1349 (D.C. Cir. 1990) (admitting subsequent drug negotiation as probative of defendant's intent and knowledge); United States v. Manner, 887 F.2d 317, 321 (D.C. Cir. 1989) (admitting evidence of cocaine sale that occurred ten weeks after the offense for which defendant was charged), cert. denied, 493 U.S. 1062 (1990); United States v. Jones, 476 F.2d 533, 536-537 (D.C. Cir. 1973) (affirming admission of prior narcotics sale due to similarity of drug sold, location of transaction, and to allow Government to rebut defendant's denial of involvement with narcotics traffic).

the defendant's knowing and intentional possession of the cocaine base in this case. It also shows that the defendant's possession of the cocaine base was not the result of mistake or accident. As the Court of Appeals observed en banc, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth. Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession." United States v. Crowder, 141 F.3d 1202, 1209, n.5.

Because of the highly probative nature of such Rule 404(b) evidence in the context of drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here. See, e.g., United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine); Crowder, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (en banc); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)). The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case.

Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury. "[I]t is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice." United States v. Perholtz, 842 F.2d 343, 361 (D.C. Cir.), cert. denied, 488 U.S. 821 (1988) (citation omitted). Accord Zafiro v. United States, 506 U.S. 534, 540-41.

WHEREFORE, the government respectfully requests that it be permitted to introduce the above-referenced Rule 404(b) evidence at trial.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


  /s/ William L. Woodruff
WILLIAM L. WOODRUFF
Assistant United States Attorney
Federal Major Crimes Section
DC Bar number: 481-039
555 4th Street, N.W.  #4840
Washington, DC 20530
(202) 307-6080; Fax: 353-9414
William.Woodruff2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 08-145 (HHK)** |
| | : | |
| v | : | |
| | : | Motions: July 29, 2008 |
| **LARRY BRINSON-SCOTT** | : | |
| | : | |

**ORDER**

Upon consideration of the Government Motion in Limine to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), and the record herein, it is this _____ day of _____, 2005, hereby

ORDERED, that the Government's Motion be Granted.

_____
UNITED STATES DISTRICT JUDGE

copies to:

William L. Woodruff
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530

Carlos Vanegas
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004