**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Crim. No. 08-145(HHK)** |
| ) | |
| **LARRY BRINSON-SCOTT** ) | |

**DEFENDANT LARRY BRINSON-SCOTT'S OPPOSITION TO THE**
**GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT**
**TO FEDERAL RULES OF EVIDENCE 404(b) AND 609**

Defendant, Larry Brinson-Scott, through undersigned counsel, respectfully moves the

Court to deny the Government's Motion to Admit Evidence of "Prior Bad Acts" pursuant to

Federal Rule of Evidence 404(b) and Evidence to Impeach Mr. Brinson-Scott with his prior

conviction pursuant to Federal Rule of Evidence 609.

**Background**

On April 10, 2008 at approximately 3:05 in the afternoon, MPD officers executed the

search warrant for apartment 203 at 3411 A. St. SE.  The ensuing search of the apartment

resulted in the recovery of approximately 67 grams of powder cocaine, 183 grams of cocaine

base ("crack"), $2,512.00 dollars and drug paraphernalia.  Mr. Brinson-Scott was the only person

in the apartment and he shared with his brother and other family members.

On May 15, 2008 a Federal Grand Jury returned an Indictment against Mr. Brinson-Scott

charging him in a two-count indictment with Unlawful Possession with Intent to Distribute 50

Grams or More of Cocaine Base in violation of 21 U.S.C. § 1841(a)(1) and 841(b)(1)(A)(iii), and

Unlawful Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. 841(a)(1)and

841(b)(1)( c).

On June 26, 2008 the Government filed separate Motions to Admit Evidence of Prior

Bad Acts Pursuant to Federal Rule of Evidence 404(b) and Evidence of a Prior Conviction s

pursuant to Federal Rule of Evidence 609.  The government wants to introduce before a jury the

"facts and circumstances surrounding [Mr. Brinson-Scott's] previous possession of cocaine base

on two prior occasions."  The government wants to introduce the facts and circumstances

pursuant to  "Federal Rule of Evidence 404(b), for the purpose of proving intent, knowledge, and

absence of mistake."  For the reasons stated in the following discussion, undersigned counsel

moves the Court to deny the government's request to admit evidence pursuant to Federal Rules

of Evidence 404(b) and 609.

<div align="center">

**ARGUMENT**

</div>

**I.      EVIDENCE OF MR. BRINSON-SCOTT'S PRIOR BAD ACTS ARE
         INADMISSIBLE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

In order for evidence of a prior bad act to be admissible, it must be both reliable and

probative of a material issue other than character.  See United States v. Rawle, 845 F.2d 1244,

1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498,

1532 (D.C.Cir.1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C.Cir.1994)).  To be

probative of a material issue, a prior bad act must speak to an essential element of the charged

offense or furnish part of the context for the alleged crime.  See Rawle, 845 F.2d at 1247 n.4.

The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks

to have admitted.  See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988); United

<div align="center">

2

</div>

States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).

The government is seeking to admit as evidence the facts and circumstances underlying two incidents that took place on June 21, 2005 and on  August 21, 2007. Both cases resulted in convictions although, the former was expunged.

**A      The Evidence of Mr. Brinson-Scott's Alleged Prior Bad Acts are not Probative of Any Material Issue Other than Propensity**

Mr. Brinson-Scott's prior conviction for possession with the intent to distribute cocaine base and evidence of the expunged conviction for possession of a controlled substance are irrelevant to any material issue other than propensity.  The government wants evidence of the prior conviction introduced for the "purpose of proving intent, knowledge, and absence of mistake", under FRE 404(b).  Since none of the government's proffered evidence is necessary to prove any relevant material issue the only purpose that admission of Mr. Brinson-Scott's prior conviction will serve is to make Mr. Brinson-Scott's character an issue, which is contrary to "[t]he presumption of innocence [] that a defendant must be tried for what he did, not for who he is." United States v. Linares, 367 F.3d 941, 945 (D.C. Cir. 2004) (quoting United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985)(internal quotations marks omitted)

Mr. Brinson-Scott's conviction for possession with intent to distribute cocaine base is simply irrelevant and is being offered only to show that because Mr. Brinson-Scott on two prior occasions committed a drug related offenses, it is more likely that he possessed the cocaine base and powder cocaine that was found in the apartment that he shared with others.

Evidence of Mr. Brinson-Scott's prior conviction and expunged case are arguably "relevant" for purposes of 404(b) (relevant to a non-propensity issue) only with regard to his

familiarity with narcotics and narcotic paraphernalia as opposed to his mistaken belief or

ignorance regarding the contraband that was recovered inside of his apartment.   If he presents

evidence, testimony or argument to that effect, Mr. Brinson-Scott concedes that the government

should be allowed to introduce evidence of Mr. Brinson-Scott's prior knowledge and possession

of cocaine base and drug paraphernalia.  Otherwise, the probative value of the two cases on the

issue of Mr. Brinson-Scott's guilt are too attenuated to justify admission pursuant to Rule 404(b).

**B.**      **Evidence of the "Prior Bad Acts" Should be Excluded Pursuant to Rule 403**

Even if reliable and probative of a material issue, evidence of "prior bad acts" are

nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its

likely prejudicial impact.  Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at

264).  Because of the potential for prejudice, "evidence indicating the accused's commission of

an offense not on trial . . . is generally to be excluded."  United States v. Anderson, 509 F.2d 312,

328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

The weak probative value of the proffered evidence concerning Mr. Brinson-Scott's

alleged "prior bad acts" stands in stark contrast to the severe prejudicial impact the evidence

would have on the jury.  This is particularly true where, as here, the facts relating to the charged

crime  are practically identical to the " prior bad acts"- the possession of cocaine base and

packaging paraphernalia.  Even with a limiting instruction, jurors will have a difficult time

resisting the natural human impulse to make the impermissible inference that someone who

previously was convicted of possessing with intent to distribute cocaine base is more likely to

possess cocaine base for the purposes of, or with intent to distribute it - the very inference that

Federal Rule of Evidence 404(b) was intended to prevent.

**C.       The Other Acts Evidence is Not Necessary.**

To be admissible, other acts evidence must also be necessary.  "Evidence is necessary when considered in the 'light of other evidence available to the government,' 'it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime.'" United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997).  Clearly, the evidence of two prior narcotic cases are not necessary to prove an essential element of the charged crime because they are not probative of those elements.  Additionally, because the evidence is completely unrelated to the instant case, it does not furnish any context of the crime alleged in the indictment.

**II.      THE COURT SHOULD DENY THE GOVERNMENT'S REQUEST TO ADMIT EVIDENCE OF MR. BRINSON SCOTT'S PRIOR CONVICTION PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The government may not impeach a witness with evidence of a prior conviction unless (1) the conviction is a crime involving dishonesty or false statement,  see Fed. R. Evid. 609(a)(2), or (2) the conviction is a felony and the probative value of the conviction on the question of credibility outweighs the prejudicial effect to the accused, see Fed. R. Evid. 609(a)(1).  While true that all felony convictions are probative of truthfulness to some degree, see United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc), it is also true that "when a defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much."  Id. The prejudice is especially great when the witness being impeached is the defendant himself. Lipscomb, 702 F.2d at 1063.

In deciding whether the probative value outweighs the prejudicial impact, the Court must "carefully and thoughtfully consider the information before it" and make sure that the balancing does "not become a ritual leading inexorably to admitting the prior conviction into evidence."  Id.

5

at 1063.  As a result, the Court may look at the underlying facts of the prior conviction to determine (1) the degree to which the prior conviction is probative of truthfulness, and (2) whether the prejudicial impact of that conviction outweighs its probative value.  Id. at 1068.

The weak probative value of Mr. Brinson-Scott's prior conviction stands in stark contrast to the likely prejudicial impact, particularly for a conviction that encompasses the same elements of the instant offense.  Even with a limiting instruction, there exists a grave danger that jurors in Mr. Brinson-Scott's case will lower the bar for conviction or give less scrutiny to the facts because they do not  fear convicting an "innocent" man.  Even worse, jurors may use this case as a pretext to punish Mr. Brinson-Scott for his previous behavior or to ensure that a perceived drug dealer is not released into the community to continue to ply his illegal trade.

Moreover, even with a limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference that someone who has previously committed a crime is more likely to commit other crimes in the future.  Indeed, the assumption that a limiting instruction can overcome the prejudicial effects of such evidence is "'unmitigated fiction,'" which "require[s] the jury to perform 'a mental gymnastic which is beyond, not only their powers, but anybody else's.'"  Lipscomb, 702 F.2d at 1062 (quoting Krulewitch v. United States, 336 U.S. 440, 453 (1949) (Jackson, J., concurring), and Nash v. United States, 54 F.2d 1006, 1007 (2d Cir. 1932) (L. Hand, J.)).

Given the nature of Mr. Brinson-Scott's prior offense – i.e., possession with intent to distribute cocaine base the inevitable prejudicial impact clearly outweighs any probative value the evidence might have regarding Mr. Brinson-Scott's credibility.

**CONCLUSION**

For the foregoing reasons, and any additional reasons adduced at a hearing, this Court

should deny the government's motion seeking admission of evidence pursuant to Federal Rules

of Evidence  Evidence 404(b) and 609

<div style="margin-left:40%">

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/S/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500

</div>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Crim. No. 08-145(HHK)** |
| | ) | |
| **LARRY BRINSON-SCOTT** | ) | |
| | ) | |
| | ) | |

**O R D E R**

Upon consideration of Defendant's Response to Government's Motion to Admit

Evidence Pursuant to Federal Rules of Evidence 404(b) and 069, it is hereby

**ORDERED** that the government's Motion is denied.

**SO ORDERED.**

_____
HENRY H. KENNEDY
UNITED STATES DISTRICT JUDGE

Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004

William L. Woodruff
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530